Michael A. Bliven
Oregon State Bar No. 942510
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
mike@blivenlawfirm.com

Steve W. Berman (*pro hac vice forthcoming*)
Meredith S. Simons (*pro hac vice forthcoming*)
Sydney Thomas (*pro hac vice forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com; merediths@hbsslaw.com;
sydneyt@hbsslaw.com

*Attorneys for Plaintiffs*
*Additional counsel on signature page*

David C. Weber
Oregon State Bar No. 150073
Augustus E. Winkes
Oregon State Bar No. 223347
Casey T. Clausen
Oregon State Bar No. 232287
BEVERIDGE & DIAMOND, PC
600 University Street, Suite 1601
Seattle, WA 98101-3109
Telephone: (206) 315-4800
dweber@bdlaw.com; awinkes@bdlaw.com;
cclausen@bdlaw.com

Nima Mohebbi (*pro hac vice forthcoming*)
Brooklyn Hildebrandt (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9648
nima.mohebbi@sidley.com;
bhildebrandt@sidley.com

*Attorneys for Amazon Data Services, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PENDLETON DIVISION**

MICHAEL PEARSON, JAMES SUTER, SILVIA SUTER, ROSA CAVASOS, JEFFREY FLEMING, AND JON HALEY, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

AMAZON DATA SERVICES, INC.,

Defendant.

Case No. 2:26-cv-00633

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVIDING FOR NOTICE**

Presently before the Court is the Joint Motion for Preliminary Approval of the Class Action Settlement and Release Agreement by Plaintiffs Michael Pearson, James Suter, Silvia Suter, Rosa Cavasos, Jeffrey Fleming, and Jon Haley (together, "Plaintiffs") and Amazon Data

Services, Inc. ("ADS") ("Motion") pursuant to Federal Rule of Civil Procedure 23(e). The Parties seek an order from the Court: (i) preliminarily approving the Class Action Settlement and Release Agreement ("Agreement"); (ii) preliminarily certifying, for settlement purposes only, the Settlement Class; (iii) approving the Notice Plan; (iv) appointing, for settlement purposes only, Class Counsel; (v) appointing, for settlement purposes only, Plaintiffs as Class Representatives; (vi) appointing Epiq Class Actions & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator for implementing the Notice Plan; and (vii) scheduling a Fairness Hearing to consider final approval of the Settlement and any applications for Fee Award for Class Counsel and Service Awards for Class Representatives pursuant to the Agreement.

The Court has thoroughly reviewed and considered the Agreement, the Joint Motion for Preliminary Approval, and related filings and arguments in connection therewith, and for good cause, finds the Motion should be **GRANTED**.[1]

The Court hereby **FINDS AND ORDERS** as follows:

**<u>Preliminary Approval of Settlement and Release Agreement</u>**

1. The Court finds that the requirements of Rules 23(a), 23(b), and 23(e) of the Federal Rules of Civil Procedure have been satisfied for purposes of preliminary approval of the Agreement such that Notice of the Agreement should be directed to the Settlement Class, the Settlement Class should be conditionally certified, and a Fairness Hearing should be set.

2. The Agreement, including all exhibits, and the terms contained therein, is preliminarily approved by the Court.

[1] The capitalized terms used in this Order not otherwise defined herein shall have the same meaning as defined in the Agreement.

3. Under Rule 23(e)(2) of the Federal Rules of Civil Procedure, in order to grant "preliminary approval" to a proposed class action settlement, the Court must evaluate: (1) whether the Court "will likely be able to" grant final approval to the settlement as "fair, reasonable, and adequate," such that the Court can direct notice to the proposed class members; and (2) whether the Court "will likely be able to" certify the class(es) for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

**Findings Regarding the Settlement**

4. The Court "will likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."

5. Under Federal Rule of Civil Procedure 23(e)(2), in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

a. The class representatives and class counsel have adequately represented the class;

b. The proposal was negotiated at arm's length;

c. The relief provided for the class is adequate, taking into account:

   i. The costs, risks, and delay of trial and appeal;

   ii. The effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; and

   iii. The terms of any proposed award of attorneys' fees, including timing of payment;

d. Any agreement required to be identified under Rule 23(e)(3); and

e. The proposal treats class members equitably relative to each other.

6. Under this standard, the Court finds that it "will likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," so as to warrant giving Notice to the proposed Settlement Class.

a. The Agreement has no obvious deficiencies;

b. The Settlement also appears to be substantively fair, reasonable, and adequate in that the relief provided is substantial when taking into account the costs, risks, and delays of trial and will provide immediate and substantial water quality benefits and mitigate alleged damages to the Settlement Class, including property owners, renters, and residents, and the environment in the Lower Umatilla Basin Groundwater Management Area now and in the future. The Settlement Fund will be used to provide and/or reduce the costs for obtaining, supplying, or ensuring clean drinking water to the Settlement Class through Public Infrastructure Projects and Private Well Projects. As an early settlement, the exact allocation and methods for distribution of the Settlement Fund will be determined at a later date and are subject to approval by the Court.

c. Attorneys' fees, if any, will be paid only after the Effective Date as defined in the Agreement and only by approval of the Court, which will consider any request for a Fee Award by Class Counsel in conjunction with the Court's consideration of a request for entry of the Final Approval Order.

d. The Agreement resulted from extensive, non-collusive, arm's-length negotiations, made in good faith with the participation of an experienced mediator;

e. Plaintiffs and Class Counsel have adequately represented the Settlement Class in obtaining a Settlement of significant value through arm's-length negotiations among sophisticated counsel;

f. Class Counsel have conducted a thorough investigation of the facts and law prior to filing suit and are knowledgeable about the strengths and weaknesses of the case;

g. The Agreement does not improperly grant preferential treatment to the Class Representatives;

h. Service Awards, if any, will be paid only after the Effective Date as defined in the Agreement and only by approval of the Court, which will consider any request for Service Awards by Class Counsel in conjunction with the Court's consideration of request for entry of the Final Approval Order;

i. The relief provided for in the Agreement outweighs the substantial costs, delay, and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal;

j. The Parties have provided the Court sufficient information, including in the Joint Motion for Preliminary Approval and related submissions, to enable the Court to determine whether to give notice of the Agreement to the Settlement Class; and

k. The Court has taken Rule 23(e)(2) factors and applicable precedent into account in finding that the Court will likely be able to approve the Agreement as fair, reasonable, and adequate and that notice to the Settlement Class is appropriate.

**Findings Regarding the Settlement Class**

7. The Court "will likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

8. The Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b) (here 23(b)(3)).

9. The Court grants preliminary approval of the Settlement Class defined in the Agreement as: **All Persons who currently own or rent property or reside in the Lower Umatilla Basin Groundwater Management Area**.

10. Excluded from the Settlement Class are: (i) ADS; (ii) any entity in which ADS has a controlling interest; (iii) any Person with a controlling interest in ADS; (iv) any current or former officer or director of ADS; (v) the legal representatives, successors, or assigns of ADS; (vi) the Court, the Court's immediate family, and Court staff; and (vii) all attorneys and employees of Class Counsel.

11. The Court finds that it will likely be able to certify the Settlement Class for purposes of entering the Final Approval Order of the Agreement. The Settlement Class is likely to meet the numerosity, commonality, typicality, and adequacy requirements of Federal Rule of Civil Procedure 23(a) and the predominance and superiority requirements of Federal Rule of Civil Procedure Rule 23(b)(3).

12. **Class Representatives**. The Court preliminarily appoints Michael Pearson, James Suter, Silvia Suter, Rosa Cavasos, Jeffrey Fleming, and Jon Haley as Class Representatives for purposes of the Settlement.

13. **Class Counsel**. Subject to entry of the Final Approval Order by the Court of the Settlement, the Court provisionally appoints Hagens Berman Sobol Shapiro LLP, Heenan & Cook, and Bliven Law Firm as Class Counsel under Federal Rule of Civil Procedure 23(g)(3) for purposes of the Settlement.

**Notice to the Settlement Class**

14. The Court finds that the proposed forms and method(s) of Notice in the Notice Plan, as set forth in **Exhibit D** of the Agreement constitute "the best notice that is practicable under the circumstances," are reasonably calculated to apprise the Settlement Class of the Action and the Agreement and their right to object or exclude themselves from the Settlement Class, and meet all applicable requirements of Federal Rule of Civil Procedure 23(c)(2), due process, and other applicable laws.

15. The Court hereby approves the Notice and Notice Plan and directs the Notice to be implemented pursuant to the Notice Plan.

16. **Settlement Administrator**. The Court appoints Epiq to implement the Notice Plan as set forth in **Exhibit D** of the Agreement and pursuant to this Order, including the deadlines in the Schedule of Deadlines below.

17. The Settlement Administrator shall file with the Court declaration(s) attesting to compliance with the Notice Plan and applicable provisions in this Order by the deadline set forth in the Schedule of Deadlines.

18. ADS shall pay the costs for implementing the Notice Plan as provided in the Agreement.

**<u>Procedures for Requests for Exclusion from the Settlement Class</u>**

19. Any Person in the Settlement Class, other than the Class Representatives, may, upon request as specified herein, be excluded from the Settlement Class. Requests for Exclusion must be signed by Persons choosing to opt out and postmarked or submitted electronically within the Response Deadline that must be specified in the Notice and set forth in the Schedule of Deadlines below.

20. Requests for Exclusion must be signed and postmarked or submitted electronically to the Settlement Administrator as provided in the Notice and must provide the following information:

f. Name;

g. Signature of Person choosing to opt out or their authorized representative;

h. Address;

i. Telephone number and/or email address; and

j. A clear statement that the Person wishes to be excluded from the Settlement Class.

21. All Persons who submit a valid and timely Request for Exclusion:

a. Shall waive all rights under the Agreement;

b. Shall not be bound by the Agreement or the Final Approval Order; and

c. Will not release any claims against ADS.

22. The Settlement Administrator shall have sole authority to determine the timeliness and validity of Requests for Exclusion.

23. All Persons in the Settlement Class (except Persons who submit a timely and valid Request for Exclusion) shall be bound by all determinations and judgments of the Court

concerning the Agreement, including, but not limited to, the Released Claims provided for therein.

24. The Settlement Administrator shall provide the Parties' counsel with a weekly report regarding the number of Persons in the Settlement Class who have submitted valid Requests for Exclusion. The Settlement Administrator shall provide the Parties' counsel with and file with the Court a final report regarding Requests for Exclusion received by the deadline set forth in the Schedule of Deadlines below.

**Procedures for Objections to Entry of the Final Approval Order**

25. Settlement Class Members who wish to object to the entry of the Final Approval Order or any applications for Fee Award or Service Awards made by Class Counsel must file with the Court a written and signed statement within the Objections Deadline set forth in the Schedule of Deadlines below. The Objections Deadline must be identified in the Notice.

26. Any such objection must:

a. Contain the objector's full name and address;

b. Contain the name and address of the objector's counsel, if any;

c. Identify any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other Person;

d. Contain a statement of each objection to the Agreement being made;

e. Provide a detailed description of the facts and supporting documentation underlying each objection;

f. Specifically cite to the legal authorities underlying each objection, if any;

g. State whether the objector or their counsel intends to appear at the Fairness Hearing and, if so, provide a list of witnesses who may be called to testify at the Fairness Hearing, either live or by deposition or affidavit, if any, and a list of exhibits, along with copies of the exhibits, that the objector may offer during the Fairness Hearing, if any;

h. State the number of times the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection and the caption of each case in which the objector has made such objection; and

i. Contain the objector's signature (signature by an attorney is not sufficient).

If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

27. Upon request to the Court and at the Court's discretion, any Settlement Class Member who timely notifies the Court of an objection to the approval of the Agreement, Fee Award, or Service Awards as specified above may appear at the Fairness Hearing to attempt to show cause why all terms of the proposed Settlement should not be approved as fair, reasonable, and adequate.

28. Any Settlement Class Member who does not make an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the Agreement, the Fee Award, the Service Awards, and the Final Approval Order.

**Qualified Settlement Fund**

29. The Court approves, as provided for in the Agreement, that the Settlement Fund shall be a qualified settlement fund within the meaning of United States Treasury Regulation § 1.468B-1.

**Request for Fee Award and Service Awards by Class Counsel**

30. Class Counsel shall file any motions for a Fee Award to be paid from the Settlement Fund pursuant to the Agreement and for Service Awards for Class Representatives to be paid from the Settlement Fund pursuant to the Agreement by the deadline set forth in the Schedule of Deadlines below.

**Joint Motion for Final Settlement Approval**

31. The Parties shall file any motions for final settlement approval, and related submissions, by the deadline set forth in the Schedule of Deadlines Below.

**Fairness Hearing**

32. The Court will hold a Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure at a date, time, and location, which shall occur no sooner than one hundred eighty (180) days from the date of this Order, set forth in the Schedule of Deadlines below for the following purposes:

a. To finally certify the Settlement Class under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for settlement purposes only;

b. To determine that the Agreement is fair, reasonable and adequate pursuant to Federal Rule of Civil Procedure 23;

c. To find that Notice is adequate and satisfies due process;

d. To direct entry of final judgment of dismissal with prejudice as against all Settlement Class Members and in favor of ADS in the Action;

e. To discharge ADS and other Released Parties from any liability to the fullest extent permitted by law, which shall include, at minimum, discharge of liability for Released Claims;

f. To Permanently bar and enjoin all Settlement Class Members from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise), directly or indirectly, whether on behalf of themselves or others in, any lawsuit or other action in any jurisdiction against the Released Parties based in any way on Released Claims, including during any appeal from the Final Approval Order;

g. To enter the Bar Order;

h. To consider any Class Counsel applications for a Fee Award and for Service Awards to the Class Representatives; and

i. To rule upon other such matters as the Court may deem appropriate.

**Stay Order and Injunction**

33. Pending entry of the Final Approval Order, the Court hereby stays all litigation of claims and related discovery in the Action as to ADS except as necessary to carry out the terms of the Agreement. All deadlines in the Action as to ADS, including any deadline to answer the complaint against ADS are hereby stayed.

34. Pending entry of the Final Approval Order, all Persons in the Settlement Class are enjoined from filing or prosecuting any claim in any forum or jurisdiction, whether federal, state, or otherwise, against ADS or other Released Parties based in any way on Released Claims.

35. Any such filings or prosecutions are stayed, except that after the Court's decision on any application by the Parties for entry of the Final approval Order, the stay and injunction shall not apply to any Person who has filed (and not withdrawn prior to the Response Deadline) a timely and valid Request for Exclusion.

**Non-Admission of Liability**

36. This Agreement, whether it is approved or not, any and all negotiations, documents, and/or discussion associated with it, any related submission to the court, and/or any related court order shall not be construed as an admission or concession by ADS or its corporate affiliates of any violation of any statute or law, or of any liability or wrongdoing by ADS or its corporate affiliates, or of the truth or the validity of any claims, facts, defenses, or allegations that have been or might in the future be asserted in any litigation by Plaintiffs, the Settlement Class, or any other party.

37. Nothing in this Order deprives ADS of the right to oppose certification of any class for purposes of the Action or any other class action.

**Other Provisions**

38. The Court may approve modifications to the Agreement as explicitly agreed upon in writing by the Parties, without further notice to the Settlement Class, where to do so would not impair the rights of Persons in the Settlement Class in a manner inconsistent with Federal Rule of Civil Procedure 23 and due process.

39. Venue in this court is proper. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Settlement Class, and shall retain continuing jurisdiction over the Settlement proceedings to ensure effectuation thereof.

40. This Order does not modify, or condition approval on any modification of, any term in the Agreement. The Court expressly recognizes that this Order does not modify any rights of the Parties to terminate, cancel, or otherwise rescind the Agreement pursuant to its terms.

41. In the event that the Agreement is not approved in its entirety by the Court, the Effective Date does not occur, or the Agreement does not become final, is rescinded, is canceled, is terminated, or otherwise fails to become effective for any reason, this Order and all orders entered in connection therewith shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Action or in any other case or controversy. In such event, the Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective ex ante positions as provided in the Agreement.

42. The Court preliminarily approves the requested Bar Order as detailed in the Agreement, recognizing that the issuance of the Bar Order is an integral term in and condition of the Agreement and is appropriate to facilitate this Settlement, which the Court has preliminarily approved.

**SCHEDULE OF DEADLINES**

43. The Court sets the following deadlines:

| | |
|---|---|
| **Implementation of Notice Plan**. Deadline for the Settlement Administrator to substantially complete implementation of Notice pursuant to the Notice Plan and this Order. The date Notice is issued to the Settlement Class shall be the "Notice Date." | Within thirty (30) days of the date of this Order. |

| | |
|---|---|
| **Response Deadline**. Deadline for Persons in the Settlement Class to submit a Request for Exclusion. | Within sixty (60) days of the Notice Date. |
| **Final Report on Requests for Exclusion**. Deadline for the Settlement Administrator to submit the final list of all Requests for Exclusions to counsel for the Parties and the Court. | Within seven (7) days of the Response Deadline. |
| **Motions for Fee Award and Service Awards**. Deadline for Class Counsel to file any motions for Fee Award and Service Awards. | No later than fifteen (15) days before the Objections Deadline. |
| **Objections Deadline**. Deadline for Settlement Class Members to submit Objections. | No later than ninety (90) days after the Notice Date. |
| **Response to Objections**. Deadline for Parties to respond to Objections. | No later than the deadline for Parties to file any motions for final approval. |
| **Settlement Administrator Declaration(s) Regarding Notice Plan**. Deadline for Settlement Administrator to file declaration(s) attesting to compliance with the Notice Plan and applicable provisions in this Order. | No later than the deadline for Parties to file any motions for final approval. |
| **Joint Motion for Final Approval**. Deadline for Parties to file any motions for final approval. | No later than forty-five (45) days before the Fairness Hearing. |
| **Fairness Hearing**. The date, time, and location of Fairness Hearing will occur no sooner than one hundred and eighty (180) days from the date of this Order. | **Date**: Tuesday, January 12, 2027<br>**Time**: 10:00 a.m.<br>**Location**: Courtroom 15B, Mark O. Hatfield United States Courthouse, 1000 SW Third Avenue, Portland, Oregon 97204 |

**IT IS SO ORDERED.**

DATED: this 12th day of June, 2026

United States District Court Judge

*Presented by:*

By: */s/ Michael A. Bliven*
Michael A. Bliven, Oregon State Bar No. 942510
BLIVEN LAW FIRM, PC
704 S. Main
Kalispell, MT 59901
Telephone: (406) 755-6828
Facsimile: (406) 755-6829
mike@blivenlawfirm.com

Steve W. Berman (*pro hac vice forthcoming*)
Meredith S. Simons (*pro hac vice forthcoming*)
Sydney Thomas (*pro hac vice forthcoming*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com; merediths@hbsslaw.com;
sydney.thomas@hbsslaw.com

Robert F. Dwyer, III, Oregon State Bar No. 984197
BLIVEN LAW FIRM, PC
202 North Main Street, Suite 1
Boardman, OR 97818
Telephone: (406) 755-6828
Facsimile: (406) 755-6829
rdwyer@blivenlawfirm.com

John Heenan (*pro hac vice application forthcoming*)
HEENAN & COOK

1631 Zimmerman Trail
Billings, MT 59102
Telephone: (406) 839-9091
Facsimile: (406) 839-9092
john@lawmontana.com

*Attorneys for Plaintiffs and the Proposed Class*

By: */s/ David C. Weber*

David C. Weber, Oregon State Bar No. 150073
Augustus E. Winkes, Oregon State Bar No. 223347
Casey T. Clausen, Oregon State Bar No. 232287
BEVERIDGE & DIAMOND, PC
600 University Street, Suite 1601
Seattle, WA 98101-3109
Telephone: (206) 315-4800
dweber@bdlaw.com; awinkes@bdlaw.com;
cclausen@bdlaw.com

Nima Mohebbi (*pro hac vice forthcoming*)
Brooklyn Hildebrandt (*pro hac vice forthcoming*)
SIDLEY AUSTIN LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067
Telephone: (310) 595-9648
nima.mohebbi@sidley.com; bhildebrandt@sidley.com

*Attorneys for Amazon Data Services, Inc.*